IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **DEMETRICE JACKSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| v. | ) | **18-0440-CV-W-ODS** |
| | ) | |
| **SCRIPPS MEDIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

It is

ORDERED that a settlement conference in this case is scheduled before the undersigned on Monday, February 3, 2020, at 10:00 a.m. in Courtroom 7E (7th Floor), Charles Evans Whittaker United States Courthouse, 400 E. 9th Street, Kansas City, Missouri, (816) 512-5745. It is further

ORDERED that the parties with settlement authority, as well as counsel, attend the settlement conference. A party other than a natural person satisfies the attendance requirement if it is represented by a person or persons, <u>other than outside or local counsel</u>, who has reasonable settlement authority <u>and</u> has sufficient stature in the organization to have direct access to those who make the ultimate decision about settlement. Additionally, if insurance company or worker's compensation carrier approval or authority to settle is required by any party, a representative of that insurance company or worker's compensation carrier shall attend the settlement conference. Availability by telephone does not satisfy the attendance requirement. **Failure to comply with the attendance requirement will subject a party and/or counsel to**

**the imposition of appropriate sanctions, including the payment of attendance costs and fees incurred by opposing parties.**

Counsel shall advise the Court no later than **48 hours** before the settlement conference date if the parties or their representatives wish to bring electronics into the courthouse. Please call my chambers at 816-512-5745 or email jane_stepp@mow.uscourts.gov with the names of those persons wishing to bring in electronics. **Counsel are allowed to bring electronics into the courthouse provided they have their Bar cards with them for identification.**

The purpose of the settlement conference is to precipitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential by him, and will not be disclosed to any other party, or to the trial judge. Additionally, it is expected and required that the parties and their counsel will keep matters discussed at the settlement conference confidential. Counsel are allowed, but not required, to submit a confidential mediation statement to the Court. They may do by emailing the statement to jane_stepp@mow.uscourts.gov.

At the settlement conference, the parties, by counsel, will be given the opportunity to make a brief presentation outlining the factual and legal highlights of their case. Then separate, confidential caucuses will be held with each party and the party's representative(s). Below are the Settlement Conference Issues for counsel to review with their clients prior to the settlement conference to make the best use of the time allotted.

If no settlement discussions have taken place, the Court encourages an exchange of demands and offers prior to the settlement conference.

# SETTLEMENT CONFERENCE ISSUES

Experience shows that in negotiations the party who is best prepared usually obtains the most satisfactory result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A. FORMAT

1. Parties with settlement authority, as described in the order setting the settlement conference, must be personally present.

2. The Court will use a mediation format, including private caucusing with each side; the judge may address your client directly.

B. ISSUES

1. What issues (in and outside of this lawsuit) need to be resolved?

2. What are the strengths and weaknesses of each issue? What is your most persuasive argument? What is your opponent's most persuasive argument?

3. What remedies are available?

4. Is there any ancillary litigation pending/planned which affects case value?

5. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

6. Do attorneys fees, other expenses, or liens affect settlement? Have you communicated this to the other side? Why not?

C. AUTHORITY

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Is it necessary to include a representative of the lien holder in settlement negotiations? If so, contact the court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Is it necessary to include the representative from more than one company/carrier in settlement negotiations? If so, notify the court immediately.

D. NEGOTIATIONS

3

1. Where did your last discussions end? Are you sure?

2. Should you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times? How do you explain to the other party the change in value?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

7. What are the transactional costs to continue this litigation?

E. CLOSING

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?

      */s/ JOHN T. MAUGHMER*
      JOHN T. MAUGHMER
      United States Magistrate Judge

Kansas City, Missouri

4

Case 4:18-cv-00440-ODS   Document 166   Filed 12/12/19   Page 4 of 4